IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 5, 2003

## STATE OF TENNESSEE v. CLAY A. THOMPSON

**Direct Appeal from the Circuit Court for McNairy County**
**No. 1549     Jon Kerry Blackwood, Judge**

---

**No. W2002-02800-CCA-R3-CD  - Filed October 30, 2003**

---

The appellant, Clay A. Thompson, pled guilty to theft of property valued over $1,000.  The McNairy County trial court sentenced him as a Range II multiple offender to seven years incarceration.  On appeal, the appellant contends his sentence is excessive.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); Gary F. Antrican, District Public Defender; and Rickey William Griggs, Assistant District Public Defender (at hearing and on appeal), for the appellant, Clay A. Thompson.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Jerry W. Norwood, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 19, 2001, while driving in McNairy County, the appellant was stopped by police officers in connection with an unrelated investigation.  The officers discovered that the vehicle driven by the appellant had been reported stolen.  The appellant subsequently pled guilty to theft of property over $1,000, a Class D felony, as a Range II multiple offender with the length and manner of service of the sentence to be determined by the trial court.  See Tenn. Code Ann. §§ 39-14-103, -105(3) (2003).

### I.  SENTENCING HEARING

At the sentencing hearing, the State submitted the appellant's presentence report and noted the appellant's prior felony convictions upon which it relied for Range II sentencing.  The presentence report reflected that the appellant had thirty-nine prior misdemeanor convictions and

five prior felony convictions. Many of the offenses were committed while the appellant was on probation for other offenses. The appellant presented no proof.

In sentencing the appellant, the trial court applied enhancement factor (2), "[the appellant] has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range," and enhancement factor (9), "[the appellant] has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." Tenn. Code Ann. § 40-35-114(2), (9) (2003). The trial court also applied mitigating factor (1), "[the appellant's] criminal conduct neither caused nor threatened serious bodily injury," and mitigating factor (13), any other factor consistent with sentencing principles, based upon the appellant's admission of guilt. Tenn. Code Ann. § 40-35-113(1), (13) (2003). The trial court determined that the applicable enhancement factors outweighed the mitigating factors and sentenced the appellant as a Range II multiple offender to seven years in confinement.

## II. STANDARD OF REVIEW

When an appellant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003). However, this presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). The burden is on the appellant to show that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

## III. LENGTH OF SENTENCE

The appellant contends the length of his sentence is excessive. We disagree.

We conclude that the trial court properly applied enhancement factor (2) in that the appellant has a previous history of criminal convictions beyond those necessary to establish his status as a Range II multiple offender, considering his forty-four prior convictions. See Tenn. Code Ann. § 40-35-114(2). The presentence report also reflects that the appellant had been placed on probation for several of these convictions, yet he continued to commit other criminal offenses while on probation. Therefore, the trial court properly applied enhancement factor (9) due to the appellant's previous history of unwillingness to comply with sentencing conditions involving release into the community. See Tenn. Code Ann. § 40-35-114(9).

The appellant further contends that the trial court improperly weighed the applicable enhancing and mitigating factors in determining the length of his sentence. The weight given to each enhancement or mitigating factor is within the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). We discern no error here.

The appellant pled guilty to theft of property over $1,000, a Class D felony. Tenn. Code Ann. §§ 39-14-103, -105(3). As a Range II multiple offender, the appellant was subject to a sentencing range of four to eight years with a presumptive sentence of four years. Tenn. Code Ann. §§ 40-35-112(b)(4), -210(c) (2003). In the instant case, the trial court determined that the applicable enhancement factors outweighed the applicable mitigating factors and imposed a seven-year sentence. Based upon the great weight afforded enhancement factors (2) and (9), we conclude, without question, that the trial court did not abuse its discretion in imposing the seven-year sentence.

## IV. ALTERNATIVE SENTENCING

The appellant contends that the trial court erred in denying community corrections and imposing confinement. However, the appellant's only argument regarding the appropriateness of community corrections is "the non-violent nature of [his] crime, and the current condition of the Tennessee Department of Correction." Moreover, the appellant failed to cite to any authority in support of this argument. Therefore, this issue is waived. See Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7). Regardless, in view of the appellant's extensive criminal history and the failure of past alternative sentences to curb the appellant's criminal behavior, the trial court properly denied community corrections. See Tenn. Code Ann. § 40-35-103(1)(A), (C) (2003).

Accordingly, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE